## CHEESBROUGH a. AGATE.

*Supreme Court, First District; General Term, June,* 1858.

CASE.—COVENANT TO PAY JUDGMENT.

On appeal from a judgment entered upon the report of a referee, his finding upon questions of law cannot be reviewed except upon exceptions incorporated in the case.

*It seems,* that one who covenants to pay the plaintiff all sums which should be recovered against G. H., and C. H. his wife, in a certain action then pending in, &c., is not liable to pay a judgment entered for a sum of money to be collected out of the separate estate of the wife only.

Appeal from judgment on the report of a referee.

The facts appear in the opinion.

BY THE COURT.—INGRAHAM, J.—The defendant entered into a covenant with the plaintiff, by which he agreed to pay the plaintiff all sums of money which should be recovered against George V. House and Caroline E. House, in a certain action now pending in the Superior Court.

Subsequently the plaintiff recovered in that action a sum of

money out of the separate property and estate of the defendant, Caroline E. House, the wife.

No judgment was entered against either of the defendants, other than a judgment for a sum of money to be collected out of the separate estate. Execution was issued in the same form.

The only question is, whether under this covenant the defendant is liable.

His only undertaking was to pay any sum of money which should be recovered against both the defendants in that action. He was a surety: as such he has a right to insist that his contract should be construed strictly. He can only be held liable on the condition contained in it, viz., to pay any moneys for which both defendants shall be held liable. A recovery against the separate estate of one does not bring the case within that condition, according to its literal interpretation, and the defendant's liability may well be doubted.

But the case as it is submitted to us is defective, and the defendant cannot raise that question on these papers. Whether upon the facts proven, the defendant is or is not liable is a question of law.

The referee has found upon the facts, and has found the law upon these facts to be, that the defendant is liable. To this finding no exception has been taken. It is now well settled that a case must be prepared and settled by the referee containing the exceptions, during the trial or after the trial, and if not so incorporated, questions of law cannot be reviewed on appeal. I need only to refer to the cases of Hunt *a*. Bloomer (3 *Kern.*, 341; Johnson *a*. Whitlock, *Ib.*, 344), as settling this practice beyond doubt. We think, therefore, the appeal in this case is not well taken, and that the same should be dismissed, and judgment affirmed with costs.